UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION )<br>LABORERS WELFARE FUND, et al. )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>UNIFIED CONTRACTING )<br>SERVICES, LLC. )<br> )<br>Defendant. ) | Case No. 4:18-cv-01125-SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment (ECF 13) against defendant Unified Contracting Services, LLC. For the reasons explained below, the motion will be **GRANTED IN PART and DENIED IN PART**.

Plaintiffs, a collection of benefit funds and their trustees, have filed this action under the Employee Retirement Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. They allege defendant failed to pay certain contributions owed under the parties' collective bargaining agreement. Defendant was served on July 20, 2018. It has not answered the complaint and has otherwise failed to participate in this case.

The Clerk's Entry of Default was entered against defendant on August 30, 2018 (ECF 30). Based on various affidavits and an audit report completed by a third-party CPA firm, plaintiffs seek judgment against defendant in the amounts of $6,847.62 for delinquent contributions, $3,114.53 for liquidated damages, $2,320.95 for interest, $1,007.33 for

1

supplemental dues, $6,293.00 for accounting fees, $2,474.00 for attorneys' fees, and $498.58 for costs. ECF 13-1, 13-2, 13-3. A "supplemental affidavit" completed by Ron Graves, controller for one of the funds, states defendant also owes "$34.59 in unpaid contributions, $3,715.85 in liquidated damages, and $49.27 in interest" for the period of June 2015 through August 28, 2019, amounts he says are "in addition to [those] owed based on the audit report." ECF 13-4, 13-5. The damages sought total $26,355.72.

"Where default has been entered, the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018). On the issue of damages, ERISA provides the court shall award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2). The unpaid contributions, interest, and liquidated damages are "considered 'sums certain' because their calculations are mandated by ERISA and party agreements." *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019). "The court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

Upon review of the exhibits attached to plaintiffs' motion, this Court finds an award for delinquent contributions totaling $6,882.21 is supported. However, plaintiffs do not sufficiently support their other damages.

First, plaintiffs say they are entitled to interest in the total amount of $2,370.22. But, interest is calculated according to the rate provided under the plan or, if none, the rate prescribed under 26 U.S.C. § 6621—that is, the federal short-term rate plus three percentage points. *See* 29 U.S.C. § 1132(g). The plan is not before this Court, so it is impossible to determine what rate to apply. Accordingly, interest will be denied at this time, however plaintiffs may submit additional information supporting an award of interest.

Second, pursuant to Section 1132(g)(2)(C)(ii), liquidated damages are capped at twenty percent of the delinquent contribution amount. The total delinquent contributions sought is $6,882.21, and the total liquidated damages sought is $6,830.38—or ninety-nine percent of the value of the delinquent contributions. This amount being well above the statutory maximum of twenty percent, liquidated damages will thus be reduced to a total of $1,376.44.

Third, according to the Pension Protection Act of 2006 that amends ERISA, supplemental dues may be awarded if "necessary to emerge from critical status." 29 U.S.C. § 1085(e)(1); *see also Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. Roseen Realty Corp.,* 308 F. Supp.3d 132, 134 (D.D.C. 2018) (noting supplemental contributions are treated as delinquent contributions). However, here there has been no showing—and, in particular, no factual allegations for which this Court can adopt as true for purposes of default—that any of the funds in this case were in such critical status for which supplemental dues may be imposed. Damages based on supplemental dues will be denied at this time, however plaintiffs may submit additional information supporting them.

That leaves plaintiffs' expense-related damages—attorneys' fees, costs, and accounting fees incurred in pursuing this action. Pursuant to Section 1132(g)(2)(D), the Court will award attorneys' fees and costs. According to that statute, the attorneys' fees must be "reasonable." Here, plaintiffs' counsel has submitted an affidavit showing counsel had worked on this matter for 12.6 hours, split between a partner and associate, with an effective hourly rate of $196.35. The total fee—$2,474.00—is commensurate with fees previously awarded by this Court. *See, e.g., Greater St. Louis Const. Laborers Welfare Fund v. LaBarge*, 2013 WL 6181808 (E.D. Mo. Nov. 26, 2013) (effective hourly rate of $170.00 and total attorneys' fees of $1,157.00 in a default judgment decision). As for costs, counsel says their client will be billed for a $400.00 filing fee and $98.58 in fees for service of summons. These costs will also be awarded as part of the regular cost of litigation.

As for the accounting fees, this Court declines to award them at this time. They total $6,293.00. This number is substantially higher than what is seen, on average, in related cases in this Court. *See, e.g., Greater St. Louis Const. Laborers Welfare Fund v. A.L.L. Const., LLC*., 2014 WL 1648731 (E.D. Mo. Apr. 23, 2014) (accounting fees of $1,190 for a period covering five years); *Greater St. Louis Const. Laborers Welfare Fund v. Blum Concrete Contractors, LLC*., 2009 WL 1044507 (E.D. Mo. Apr. 17, 2009) (accounting fees of $700 for a period of less than one year). These fees may or may not be reasonable, but plaintiffs have simply not provided anything to substantiate their reasonableness either way. To be sure, other than the accounting firm's self-serving statements that their fees are reasonable, no hourly cost breakdown has been provided nor do plaintiffs provide the sort of basic explanation that they did in seeking their attorneys' fees. This Court simply has no

way of evaluating the reasonableness of the accounting fees. Therefore, they will be denied at this time, though plaintiffs may submit additional information supporting them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment (ECF 13) is **GRANTED IN PART and DENIED IN PART**.

Defendant is liable to plaintiffs in the amount of $6,882.21 for delinquent contributions.

Defendant is liable to plaintiffs in the amount of $1,376.44 for liquidated damages

Defendant is liable to plaintiffs for their attorneys' fees and litigation costs in the amounts of $2,474.00 and $498.58, respectively.

All other claims for damages and costs are denied at this time.

Dated this 7th day of November 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE